1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

KEVIN D. STAGNER, an individual,

9

Plaintiff,

10

v.

11

SNOHOMISH COUNTY; SNOHOMISH
COUNTY SHERIFF ADAM FORTNEY;
SNOHOMISH COUNTY SHERIFF'S
OFFICE; DEPUTY RYAN MCGRATH,

12

13

Defendants.

14

Case No.:  20-1534

**COMPLAINT FOR DAMAGES FOR
VIOLATIONS OF CIVIL RIGHTS
UNDER 42 U.S.C. § 1983) AND TORTS
UNDER WASHINGTON LAW**

**JURY DEMAND**

15

## **INTRODUCTION**

16

This is a civil action for compensatory and punitive damages against Snohomish County,

17

Snohomish County Sheriff's Office, Snohomish County Sheriff Adam Fortney, and Deputy

18

Sheriff Ryan McGrath for state tort claims and violations of Plaintiff Kevin Stagner's Fourth and

19

Fourteenth Amendment rights. On August 17, 2018, Defendant McGrath initiated contact as Mr.

20

Stagner lawfully crossed an intersection. When Defendant McGrath told Mr. Stagner that he was

21

not detained, Mr. Stagner turned and walked away. Defendant McGrath then sprinted towards

22

Mr. Stagner, tackled him to the ground, and shattered Mr. Stagner's clavicle. Defendant McGrath

23

later submitted a statement falsely alleging that Mr. Stagner ran from Defendant McGrath and

24

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
T: (425) 259-4989

resisted arrest, allegations which formed the basis of a criminal prosecution and caused Mr. Stagner to be incarcerated for fifty-two-days awaiting trial. Plaintiff Stagner was acquitted of all charges. This suit follows.

## I.      PARTIES

1.1      Plaintiff Kevin Stagner (hereinafter "Plaintiff") is a resident of Snohomish County, Washington.

1.2      Defendant Snohomish County (hereinafter "Snohomish") is an administrative and political subdivision of Washington State, organized under the laws of the State of Washington.

1.3      Defendant Snohomish County Sheriff's Office (hereinafter "Sheriff's Office") is an administrative subdivision of Snohomish County and the State of Washington.

1.4      Defendant Snohomish County Sheriff Adam Fortney (hereinafter "Sheriff") is the chief executive officer responsible for administering and managing the Sheriff's Office. Sheriff assumed responsibilities of all former Snohomish County Sheriffs.

1.5      Defendant Ryan McGrath (hereinafter "McGrath") is a resident of the Western District of Washington and is a current employee of Defendants Snohomish and the Sheriff's Office.

## II.      JURISDICTION AND VENUE

2.1      This action is brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution and various torts under Washington State Law.

2.2      This Court has jurisdiction of these claims pursuant to 28 U.S.C §§ 1331, 1343, and 1367.

*Stagner v. Snohomish County et. al.*, Case No. 20-1534
COMPLAINT – Page 2 of 20

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
T: (425) 259-4989

2.3     Venue is appropriate in the U.S. District Court, Western District of Washington at Seattle, pursuant to 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred in this district, the Defendants reside and exist in this district, and the Plaintiff resides in this district.

### III.     PROCEDURAL REQUIREMENTS

3.1     Plaintiff provided Defendants Snohomish and Sheriff's Office with notice of the state law tort claims more than 60 days before filing suit, as required by RCW 4.96.020.

### IV.     FACTS

**Defendant McGrath brutally slammed Mr. Stagner and crushed his right clavicle.**

4.1     On the evening of August 17, 2018, Mr. Stagner exited the Home Depot on Avondale Road in Everett, Washington, and began walking to a friend's house to help with yard work.

4.2     Mr. Stagner walked north on Avondale Road. Avondale Road ended at a "T" intersection with Center Road – a small, two-lane road for east and westbound traffic.

4.3     Once he reached the end of Avondale Road, Mr. Stagner walked north across Center Road. Mr. Stagner's friend's house was north of Center road.

4.4     Mr. Stagner did not impede traffic.

4.5     There were no crosswalks at the intersection of Center Road and Avondale Road.

4.6     Both Center and Avodale are small two-lane roads.

4.7     There were no signs prohibiting pedestrian crossing at the intersection of Center Road and Avondale Road.

4.8     There were no crosswalks reasonably close to Center Road and Avondale Road for Mr. Stagner to use to walk northbound over Center Road to his friend's house. The nearest

*Stagner v. Snohomish County et. al.*, Case No. 20-1534
COMPLAINT – Page 3 of 20

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
T: (425) 259-4989

1  crosswalk that crossed over Center Road was at the intersection of Center Road and 4th Avenue

2  West – nearly one mile away.

3      4.9      While on patrol driving westbound on Center Road towards Evergreen Way,

4  Defendant McGrath saw Mr. Stagner walking across Center Road.

5      4.10     Defendant McGrath pulled his vehicle over to contact Mr. Stagner.

6      4.11     Defendant McGrath noticed Mr. Stagner was wearing a necklace with a sheathed

7  pocketknife, a lawfully possessed item.

8      4.12     Defendant McGrath got out of his vehicle, walked towards Mr. Stagner, and

9  accused him of jaywalking.

10      4.13     Mr. Stagner asked Defendant McGrath if he was being detained.

11      4.14     Defendant McGrath said "no."

12      4.15     Relying upon Defendant McGrath's answer, Mr. Stagner began to walk away.

13      4.16     Mr. Stagner did not threaten Defendant McGrath.

14      4.17     Mr. Stagner did not brandish or hold a knife or any other instrument.

15      4.18     While Mr. Stagner was walking away, Defendant McGrath told Mr. Stagner not

16  to "turn [Stagner's] back" on McGrath.

17      4.19     With Mr. Stagner's back towards him, Defendant McGrath sprinted toward and

18  slammed Stagner into the road.

19      4.20     Defendant McGrath landed on top of Mr. Stagner, who landed on his right

20  shoulder.

21      4.21     As soon as Defendant McGrath tackled him into the road, Mr. Stagner felt

22  something pop "in [his] right shoulder area" and began feeling extreme pain.

23

24

*Stagner v. Snohomish County et. al.*, Case No. 20-1534
COMPLAINT – Page 4 of 20

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
T: (425) 259-4989

4.22   Once on the ground, Defendant McGrath continued to pin his entire body weight against Mr. Stagner, who was face down on the pavement.

4.23   Defendant McGrath then began grabbing Mr. Stagner's arms to put them in handcuffs.

4.24   Mr. Stagner complied and gave Defendant McGrath his left hand, which he handcuffed.

4.25   Defendant McGrath then grabbed Mr. Stagner's right arm, which was pinned beneath Mr. Stagner's chest under the weight of both men.

4.26   Defendant McGrath began to yank on Mr. Stagner's injured right arm, causing further injury to Mr. Stagner's injured shoulder and significant additional pain.

4.27   When Defendant McGrath could not immediately get Mr. Stagner's right arm out, he yelled at Mr. Stagner that he was resisting arrest.

4.28   Mr. Stagner was screaming from the pain.

4.29   While still tugging on Mr. Stagner's pinned right arm and broken collarbone, Defendant McGrath struck Mr. Stagner with this knee multiple times, inflicting additional pain on Mr. Stagner.

4.30   Defendant McGrath then twisted Mr. Stagner's arm behind his back, wrenching it so as to cause bone fragments to cause further damage to Mr. Stagner's soft tissue and more pain.

4.31   Defendant McGrath radioed for back up.

4.32   As back up arrived, Defendant McGrath then placed Mr. Stagner in the back of his patrol vehicle.

*Stagner v. Snohomish County et. al.*, Case No. 20-1534
COMPLAINT – Page 5 of 20

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
T: (425) 259-4989

4.33    Mr. Stagner reminded Defendant McGrath about the immense pain in his shoulder.

4.34    Section 300.4.2 of Snohomish County Sheriff's Office's Use of Force Policy states: "Prior to booking or release, medical assistance shall be obtained for any person(s) who has sustained visible injury, expressed a complaint of pain, or who has been rendered unconscious."

4.35    Rather than follow Snohomish County Sheriff's Office policy by calling for an ambulance or transporting Mr. Stagner to the hospital, Defendant McGrath took Mr. Stagner directly to the Snohomish County Jail.

4.36    At the jail, Mr. Stagner, obviously in pain, was examined by a nurse.

4.37    The Jail refused to book Mr. Stagner due to his obviously broken clavicle and directed Defendant McGrath to take Stagner instead to the hospital for treatment.

4.38    At the hospital, Mr. Stagner's right shoulder was X-rayed and medical professionals determined that he suffered from a comminuted mid-clavicle fracture with displacement.

4.39    A comminuted fracture is a break of the bone into more than two fragments.

4.40    Considerable force and energy is required to fragment bone, which means that fractures of this degree occur after high-impact trauma, such as trauma that occurs in vehicular accidents.

**<u>Defendant McGrath had no lawful basis to detain or arrest Mr. Stagner.</u>**

4.41    When Defendant McGrath brutally slammed Mr. Stagner into the pavement and crushed his clavicle, Mr. Stagner was not committing any crime or infraction.

*Stagner v. Snohomish County et. al.*, Case No. 20-1534
COMPLAINT – Page 6 of 20

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
T: (425) 259-4989

4.42    Under the Revised Code of Washington (hereinafter "RCW") 46.61.240, a pedestrians jaywalks when he either impedes traffic or crosses "[b]etween adjacent intersections at which traffic-control signals are in operation . . . at any place except in a marked crosswalk."

4.43    Mr. Stagner did not jaywalk because he did not impede traffic and there were no crosswalks at the intersection of Center Road and Avondale Road or any other nearby intersection.

4.44    Under RCW 9A.76.020(1), "[a] person is guilty of obstructing a law enforcement officer if the person willfully hinders, delays, or obstructs any law enforcement officer in the discharge of his or her official powers or duties."

4.45    *State v. D.E.D.*, 200 Wash. App. 484, 494-96, 402 P.3d 851, 856-57 (2017), clarifies that individuals do not obstruct when they engage in passive resistance to an investigation because they have no duty to cooperate.

4.46    Mr. Stagner did not obstruct a lawful investigation by turning around and walking away from an officer who had no probable cause or reasonable suspicion of any offense whatsoever and who had affirmatively indicated that Stagner was not detained.

4.47    Since Mr. Stagner did not jaywalk or obstruct Deputy McGrath, Deputy McGrath had no lawful basis to detain Stagner, let alone brutally tackle him into the pavement, shatter his clavicle, and arrest him.

4.48    For these reasons, along with the fact that Mr. Stager did not intentionally prevent Defendant McGrath from arresting, Mr. Stager did not resist arrest because the offense of resisting arrest under RCW 9A.76.040 may only occur if the arrest was lawful.

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
T: (425) 259-4989

**<u>Defendant McGrath's slamming of Mr. Stagner and crushing of his clavicle was excessive and unreasonable.</u>**

4.49     At the time Defendant McGrath brutally slammed Mr. Stagner and crushed his collarbone, the law was clearly established that apprehension of a suspect by the use of force is a seizure subject to the reasonableness requirement of the 4th and 14th Amendments to the United States Constitution.

4.50     At the time Defendant McGrath tackled Mr. Stagner and crushed his collarbone, the established law was clear that it was unlawful for a police officer to engage in the use of force unless objective evidence was sufficient to lawfully seize and arrest the individual and the officer had a reasonable belief that it was necessary to engage in the degree of force used to protect against an imminent risk of physical injury or death to the officer and others or prevent escape.

4.51     Section 300.2.1 of Defendants Snohomish and Sheriff's Use of Force Policy states the following:

> Any peace officer may use all necessary means to effect an arrest if, after notice of the intention to arrest the defendant, he/she either flees or forcibly resists. (RCW 10.31.050).

> The use, attempt or offer to use force upon or toward another person is not unlawful whenever necessarily used by a public officer in the performance of a legal duty, or a person assisting the officer and acting under the Snohomish County Sheriffs Office's direction. (RCW 9A.16.020(1)). Necessary means that no reasonably effective alternative to the use of force appeared to exist and that the amount of force used was reasonable to effect the lawful purpose intended (RCW 9A.16.010(1)).

> If it is not already known by the subject to be detained, arrested or searched, deputies should, if reasonable, make clear their intent to detain, arrest or search the subject. When practicable, deputies will identify themselves as a peace officer before using force.

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
T: (425) 259-4989

1      4.52      Section 300.2.2 of Defendants Snohomish and Sheriff's Use of Force Policy

2  provides the factors used to determine whether one of their deputies used reasonable force,

3  which includes:

4              a.      The severity of the crime(s) at issue.

5              b.      Whether the subject poses an immediate threat to the safety of the
                       officer(s) or others.

6

7              c.      Whether the subject is actively resisting arrest.

8              d.      Whether the subject is attempting to escape or evade arrest by flight.

9              e.      The conduct of the individual being confronted (as reasonably perceived
                       by the deputy at the time).

10             f.      Deputy/subject factors (age, size, relative strength, skill level,
                       injury/exhaustion and number of deputies vs. subjects).

11

12             g.      Influence of drugs/alcohol (mental capacity).

13             h.      Proximity of weapons.

14             i.      Time and circumstances permitting, the availability of other options (what
                       resources are reasonably available to the deputy under the circumstances).

15             j.      Training and experience of the deputy.

16             k.      The environmental factors and/or other exigent circumstances.

17     4.53      Section 300.2.2 of Defendants Snohomish and Sheriff's Use of Force Policy

18  further states:

19             It is recognized that deputies are expected to make split-second decisions
               and that the amount of a deputy's time available to evaluate and respond to
20             changing circumstances may impact his/ her decision.

21             While various degrees of force exist, each deputy is expected to use only
               that degree of force reasonable under the circumstances to successfully
22             accomplish the legitimate law enforcement purpose in accordance with this
               policy.

23

24

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
T: (425) 259-4989

4.54    The factors provided in Section 300.2.2 of Defendants Snohomish and Sheriff's Use of Force Policy are similar to the factors used by the United States Supreme Court and the Ninth Circuit to determine whether an officer's use of force was reasonable.

4.55    By virtue of the information set forth above, the force Defendant McGrath used against Mr. Stagner – crushing and breaking his right clavicle – was excessive and unreasonable.

4.56    Since Defendant McGrath had no lawful basis to stop Mr. Stagner, the force Defendant McGrath used was unnecessary, not used during the performance of a legal duty, and not used to accomplish any legitimate or lawful purpose.

4.57    Mr. Stagner did not commit any crimes or infractions, posed no threat to the safety of Defendant McGrath or others, did not actively resist or attempt to escape or evade any lawful arrest, and exercised his constitutional rights in a non-aggressive and non-threatening manner.

4.58    The offense that Defendant McGrath was investigating, jaywalking, is not a crime. It is a civil infraction which poses no direct threat to the safety of the community, especially when it involves a two-lane roadway and no traffic is present.

4.59    Defendant McGrath did not use reasonable alternatives to continue speaking with Mr. Stagner.

4.60    Defendant McGrath immediately chose to violently tackle Mr. Stagner to the ground, foreseeably causing serious and long-term bodily injury.

4.61    Defendant McGrath use of excessive and unreasonable force to unlawfully detain, seize, or arrest Mr. Stagner violated his clearly established rights under the 4th and 14th Amendment to the United States Constitution.

*Stagner v. Snohomish County et. al.*, Case No. 20-1534
COMPLAINT – Page 10 of 20

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
T: (425) 259-4989

**<u>Defendants Snohomish, Sheriff's Office, and Sheriff have a policy and practice of using excessive force in violation of individuals' constitutional rights.</u>**

4.62    At all times relevant to this action, Defendant McGrath was an employee of Defendants Snohomish and the Sheriff's Office and was acting under the color of law and within the course and scope of his employment during his contact with Mr. Stagner on August 17, 2018.

4.63    At all times relevant to this action, Defendant Snohomish managed, controlled, and set the budget for Defendant Sheriff's Office and Defendant Sheriff.

4.64    At all times relevant to this action, Defendant Snohomish, individually and by and through its agents, Defendants Sheriff's Office and Sheriff, employed and contracted with all individuals providing services at the Defendant Sheriff's Office, including Defendant McGrath.

4.65    At all times relevant to this action, Defendant Snohomish, individually and by and through its agents, Defendants Sheriff's Office and Sheriff, had a duty to develop policies and practices and train deputies, including Defendant McGrath, on the use of force.

4.66    At all times relevant to this action, Defendant Snohomish, individually and by and through its agents, Defendants Sheriff's Office and Sheriff, had a duty to review and have knowledge of individuals' constitutional rights as described and promulgated in legislation, case law, and the United States Constitution.

4.67    At all times relevant to this action, Defendant Snohomish, individually and by and through its agents, Defendants Sheriff's Office and Sheriff, had a duty to review and have knowledge of how constitutional rights limit or affect whether the use of force was lawful.

4.68    At all times relevant to this action, Defendant Snohomish, individually and by and through its agents, Defendants Sheriff's Office and Sheriff, had a duty to document, review, and investigate its deputies' use of force.

*Stagner v. Snohomish County et. al.*, Case No. 20-1534
COMPLAINT – Page 11 of 20

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
T: (425) 259-4989

4.69    At all times relevant to this action, after documenting, reviewing, and
investigating its deputies' use of force, Defendant Snohomish, individually and by and through
its agents, Defendants Sheriff's Office and Sheriff, had a duty to train, discipline, and/or take
administrative action against the deputy if he or she violated an individual's constitutional rights,
including when the deputy engaged in excessive force.

4.70    Section 300.5 of Defendants Snohomish, Sheriff's Office, and Sheriff's Use of
Force Policy states the following:

> When a supervisor responds to an incident in which there has been a reported use
> of force, the supervisor shall be responsible for the following:
>
> (a) Obtain the basic facts from the involved deputy(s)
>
> (b) Ensure that any injured parties are examined and treated.
>
> (c) Ensure that photographs have been taken of any areas involving visible
>     injury or complaint of pain as well as overall photographs of uninjured
>     areas.
>
> (d)  Ensure all known witnesses are identified.
>
> (e)  Review and approve all related reports [sic]
>
> In the event that the supervisor believes that the incident may give rise to potential
> civil litigation, the supervisor shall notify his immediate chain of command.
>
> Should the supervisor determine that any application of force was not within
> policy, a personnel complaint shall be initiated.
>
> In the event that a supervisor does not respond to the scene of an incident
> involving the reported use of force, the supervisor is still expected to complete as
> many of the above items as circumstances permit.

4.71    Defendant Sheriff's, and thereby Defendants Snohomish and Sheriff's Office's,
responsibility for his deputy's misconduct is described in RCW 36.28.020 as follows:

> Every deputy sheriff shall possess all the power, and may perform any of
> the duties, prescribed by law to be performed by the sheriff, and shall serve

*Stagner v. Snohomish County et. al.*, Case No. 20-1534
COMPLAINT – Page 12 of 20

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
T: (425) 259-4989

or execute, according to law, all process, writs, precepts, and orders, issued by lawful authority.

Persons may also be deputed by the sheriff in writing to do particular acts; including the service of process in civil or criminal cases, and the sheriff shall be responsible on his or her official bond for their default or misconduct.

4.72    At the time Defendant McGrath tackled Mr. Stagner and crushed his collarbone, Defendants Snohomish, Sheriff's Office, Sheriff, and McGrath knew that it was unlawful for a police officer to engage in the use of force unless objective evidence was sufficient to lawfully seize and arrest the individual and the officer had a reasonable belief that it was necessary to engage in the degree of force used to protect against an imminent risk of physical injury or death to the officer and others or prevent escape.

4.73    A reasonable and competent police officer would have known that the excessive force Defendant McGrath used to unlawfully seize and arrest Mr. Stagner violated his clearly established constitutional rights.

4.74    Defendants Snohomish, Sheriff's Office, Sheriff, and McGrath knew or should have known that Defendant McGrath used excessive force that violated Mr. Stagner's constitutional rights.

4.75    Defendant McGrath wrote about his excessive use of force in a report in which he claimed he seized and arrested Mr. Stagner for walking away after he saw him jaywalking – a civil infraction Mr. Stagner did not commit, as described above.

4.76    Defendant McGrath submitted his report to his employers – Defendants Snohomish, Sheriff's Office, and Sheriff.

*Stagner v. Snohomish County et. al.*, Case No. 20-1534
COMPLAINT – Page 13 of 20

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
T: (425) 259-4989

4.77    Defendants Snohomish, Sheriff's Office, and Sheriff were aware that in less than nine months, between February 15 and November 17, 2018, Defendant McGrath had fourteen use of force incidents.

4.78    Defendant is still employed by Defendants Snohomish, Sheriff's Office, and Sheriff after he slammed Mr. Stagner and crushed his collarbone, and McGrath continued to engage in an accelerated pattern of force thereafter.

4.79    Defendant McGrath's excessive use of force against Mr. Stagner is not an isolated event – Defendants Snohomish, Sheriff's Office, and Sheriff have approved the conduct of many deputies who have engaged in acts of dishonesty and/or excessive force.

4.80    Defendants Snohomish, Sheriff's Office, and Sheriff, through a supervising deputy employed by said defendants, reviewed and approved of Defendant McGrath's report and submitted it to the Snohomish County Prosecuting Attorney's Office (hereinafter "Prosecutor") to file criminal charges against Mr. Stagner.

4.81    Defendants Snohomish, Sheriff's Office, and Sheriff investigated and approved Defendant McGrath's excessive use of force, or failed to fully investigate Defendant McGrath's use of force and ratified it, before sending his report to the Prosecutor to recommend criminal charges against Mr. Stagner.

4.82    Defendants Snohomish, Sheriff's Office, and Sheriff approval of Defendant McGrath's excessive use of force ratified his unlawful conduct as consistent with their policies, procedures and guidelines relating the deputy sheriff's use of force, and contributing to an organizational culture where excessive force is tolerated and common.

*Stagner v. Snohomish County et. al.*, Case No. 20-1534
COMPLAINT – Page 14 of 20

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
T: (425) 259-4989

4.83    Defendants Snohomish, Sheriff's Office, and Sheriff have breached its duty to adequately manage, control, supervise, train, investigate, and discipline officers who have used excessive force in violation of individuals' constitutional rights.

4.84    As supported by recent recall efforts against Defendant Sheriff, Defendants' failure to adequately manage, control, supervise, train, investigate, and discipline officers who use excessive force in violation of individuals' constitutional rights has led to deputies employed by Defendants to routinely engage in such conduct.

4.85    Defendants Snohomish, Sheriff's Office, and Sheriff have been deliberately indifferent towards the risk that their failure to adequately manage, control, supervise, train, investigate, and discipline officers who use excessive force leads to further violations of individuals' constitutional rights.

4.86    Defendants Snohomish, Sheriff's Office, and Sheriff's deliberate indifference is a policy and practice of violating individuals' constitutional rights.

**Defendants Snohomish, Sheriff's Office, and Sheriff's policy and practice caused Defendant McGrath to use excessive force against Mr. Stagner.**

4.87    In the report authored by Defendant McGrath and approved by Defendants Snohomish, Sheriff's Office, and Sheriff, Defendant McGrath claimed that his use of force was necessary after falsely claiming that Mr. Stagner was jaywalking, obstructing, and resisting.

4.88    At Mr. Stagner's criminal trial, testified that his use of force against Mr. Stagner was reasonable and consistent with the policies and practices of Defendants Snohomish, Sheriff's Office, and Sheriff.

4.89    Defendant McGrath's repeated claim that his conduct was consistent with the policies and practice of Defendants Snohomish, Sheriff's Office, and Sheriff demonstrates that

*Stagner v. Snohomish County et. al.*, Case No. 20-1534
COMPLAINT – Page 15 of 20

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
T: (425) 259-4989

1   these policies and practices caused him to use excessive force to the violate Mr. Stagner's

2   constitutional rights.

3       **Mr. Stagner continues to endure pain, harm, and suffering as a result of the Defendants violating his constitutional rights.**

4

5       4.90   As a result of the Defendant McGrath's actions , Mr. Stagner suffered a

6   comminuted fracture to his right clavicle that required surgery, months of physical therapy, and

7   thousands of dollars of medical expenses.

8       4.91   Because of his injuries, Mr. Stagner experiences pain daily and has a limited

9   range of motion in his right shoulder.

10      4.92   Mr. Stagner worked as a roofer prior to his injuries, but he now has limited

11  abilities to perform manual labor.

12      4.93   Mr. Stagner is no longer able to play catch with his son and has difficulty with

13  basic daily activities like getting dressed.

14      4.94   Relying on Defendant McGrath's false, the Snohomish County Prosecuting

15  Attorney charged Mr. Stagner with resisting arrest.

16      4.95   While he was ultimately found not guilty, Mr. Stagner spent fifty-two days in jail

17  with a broken clavicle before gathering sufficient funds to pay a bail bond company for his

18  release.

19      4.96   Spending nearly two months in jail on a false charge exacerbated the pain he

20  suffered from having a broken clavicle and prevented him from earning an income to provide for

21  his son.

22      4.97   Mr. Stagner's injuries, pain, suffering, and economic loss were all foreseeable

23  consequences of Defendants' actions and deliberate indifference.

24

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
T: (425) 259-4989

## V.     <u>CLAIMS</u>

5.1      Statements of fact in paragraphs 4.1–4.38 above are hereby re-incorporated as if fully stated herein for purposes of each claim below.

<u>FIRST CAUSE OF ACTION</u>
(Federal Law Claim – Violation 42 U.S.C. § 1983)

5.2      By virtue of the facts set forth above, Defendant McGrath is liable to Mr. Stagner for compensatory and punitive damages for the deprivation of Plaintiff Stagner's civil right to be free from unreasonable seizure of his person, as guaranteed by the Fourth and Fourteenth Amendments to the Constitution and U.S.C. § 1983, by unlawfully detaining and arresting Mr. Stagner without reasonable suspicion or probable cause, and by causing Mr. Stagner significant, permanent physical injury through the use of excessive force.

5.3      By virtue of the facts set forth above, Defendants Snohomish County and Fortney are liable for compensatory damages for a pattern or practice that foreseeably caused deprivations of Plaintiff's civil right to be free from unreasonable seizures of his person, as guaranteed by the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983, including, but not limited to the unreasonable arrest and beating of Mr. Stagner at the hands of their apparently-untrained, unsupervised, and/or undisciplined employee. Defendants Snohomish County and Fortney are liable as a result of their failure to adequately train, supervise, and discipline their employees in constitutional use of force and for endorsing unconstitutional employee actions after the fact. Despite Defendant McGrath's lengthy list of Use of Force incidents, Defendants Snohomish County and Fortney have declined to require additional training or oversight. Defendant Fortney's recent public comments condoning a nearly-identical use of force incident demonstrates a lack of supervision and discipline in the Snohomish County Sheriff's Department, as exemplified by their leader.

*Stagner v. Snohomish County et. al.*, Case No. 20-1534
COMPLAINT – Page 17 of 20

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
T: (425) 259-4989

## SECOND CAUSE OF ACTION
### (State Law Claim – Tort of Battery)

5.4     By virtue of the facts set forth above, Defendant McGrath is liable for compensatory damages for the tort of battery when he unlawfully tackled Mr. Stagner, broke his clavicle, struck him multiple times, and wrenched his injured arm behind his back.

## THIRD CAUSE OF ACTION
### (State Law Claim – Tort of Wrongful Arrest)

5.5     By virtue of the facts set forth above, Defendant McGrath is liable for compensatory damages for the tort of wrongful arrest when he arrested Mr. Stagner for obstructing a law enforcement officer under RCW 9A.76.020, as Defendant McGrath did not have any lawful authority to detain Mr. Stagner because Mr. Stagner had not been 'jaywalking' under the requirements of RCW 46.61.240.

## FOURTH CAUSE OF ACTION
### (State Law Claim – Tort of Malicious Prosecution)

5.6     By virtue of the facts set forth above, Defendant McGrath is liable for compensatory damages for the tort of Malicious Prosecution when his false statement that Mr. Stagner had jaywalked and resisted arrest foreseeably caused the filing and prosecution of criminal charges. Defendant McGrath's malicious prosecution directly and proximately caused Mr. Stagner to be incarcerated for fifty-two days awaiting trial.

5.7     Mr. Stagner further alleges Defendant McGrath's false statements were driven by a desire to avoid accountability and responsibility for his own illegal and tortious actions in this incident.

*Stagner v. Snohomish County et. al.*, Case No. 20-1534
COMPLAINT – Page 18 of 20

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
T: (425) 259-4989

FIFTH CAUSE OF ACTION<br>(State Law Claim – Tort of Negligence)

5.8 By virtue of the facts set forth above, Defendants Snohomish County, Fortney, and McGrath are directly and/or vicariously liable to Mr. Stagner for breeches of the duty of reasonable care to avoid foreseeable harm to Mr. Stagner.

5.9 These breeches include Defendant McGrath's unreasonable escalation of the use of force, aggravation of the injury by handcuffing Mr. Stagner, and failure to provide immediate medical attention by attempting to book Mr. Stagner into the jail.

SIXTH CAUSE OF ACTION<br>(State Law Claim – Tort of Outrage)

5.10 By virtue of the facts set forth above, all Defendants are liable to Plaintiff for compensatory damages for the tort of outrage also known as Intentional Infliction of Emotional Distress under The Restatement (2nd) of Torts, § 46.

## VI.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests relief against Defendants as follows:

6.1 General and special damages; including pain and suffering and compensation for wrongful incarceration pursuant to 42 U.S.C. §§ 1983 and 1988 and any applicable Washington law;

6.2 Punitive damages against individual Defendants, pursuant to 42 U.S.C. § 1983;

6.3 Plaintiffs reasonable attorney's fees and costs, under 42 U.S.C. § 1988and to the extent otherwise permitted by law; and

6.4 Such other relief as the Court may deem just and equitable.

*Stagner v. Snohomish County et. al.*, Case No. 20-1534
COMPLAINT – Page 19 of 20

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
T: (425) 259-4989

1    DATED this 16th day of October, 2020.

2                                    MAZZONE LAW FIRM, PLLC
                                     Attorneys for Plaintiff
3                                    By: *s/Tobin Klusty*
                                     Tobin S. Klusty, WSBA 52567
4                                        tobink@mazzonelaw.com
                                     Braden Pence, WSBA #43495
5                                        bradenp@mazzonelaw.com
                                     Peter Mazzone, WSBA #25262
6                                        peterm@mhb.com
                                     3002 Colby Ave., Ste. 302
7                                    Everett, WA 98201

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

*Stagner v. Snohomish County et. al.*, Case No. 20-1534
COMPLAINT – Page 20 of 20

MAZZONE LAW FIRM, PLLC
3002 COLBY AVENUE, SUITE 302
EVERETT, WA 98201
T: (425) 259-4989